UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NANJING DONGSHENG SHELF MANUFACTURING CO., LTD.<br>          Plaintiff,<br><br>    v.<br><br>UNITED STATES,<br><br>          Defendant. | Court No. 24-0085 |

## COMPLAINT

On behalf of Nanjing Dongsheng Shelf Manufacturing Co., Ltd., ("Dongsheng" or "Plaintiff"), we hereby bring this civil action and allege the following:

### Parties

1.  Plaintiff is a Chinese producer and exporter of merchandise subject to the antidumping Order on Certain Steel Racks and Parts Thereof From the People's Republic of China and was a mandatory respondent in the antidumping administrative review for the period September 1, 2021 through August 31, 2022.

2.  Defendant is the United States of America acting by and through the U.S. Department of Commerce (the "Department").

### Jurisdiction

3.  This action is brought pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (2)(B)(iii) to contest the Department's final results of the administrative review under 19 U.S.C. §1675. *See Certain Steel Racks and Parts Thereof From the People's Republic of China: Final Results of the Antidumping Duty Administrative Review and Final Determination of No Shipments;*

*2021–2022*, 89 Fed. Reg. 25,235 (April 10, 2024).

4.       Accordingly, this Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## Standing

3.       Plaintiff is a foreign exporter of the subject steel racks. Accordingly, plaintiff qualifies as an interested party within the meaning of 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A).

4.       In addition, because the Department's Final Results overstated Plaintiff's antidumping duty margin, Plaintiff has been adversely affected or aggrieved by agency action within the meaning 5 U.S.C. § 702. Therefore, Plaintiff has standing to bring this action under 28 U.S.C. § 2631(c).

## Timeliness

5.       Notice of the Final Results was published in the Federal Register on April 10, 2024. Plaintiff filed the summons instituting this action on May 7, 2024, *i.e.*, within 30 days of publication of the Final Results, serving notice of the action upon all other participants in the investigation on the same date. Thirty days from May 7, 2024 is June 6, 2024. Accordingly, Plaintiff is timely filing this complaint and has commenced this action within the time limits specified in 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3 of the Rules of this Court.

## Statement of Facts

5.       On November 3, 2022, the Department initiated the 2021-2022 administrative review of the antidumping duty Order on Certain Steel Racks and Parts Thereof From the People's Republic of China.

6.       On November 16, 2022, the Department placed CBP data on the record for

respondent selection purposes. Based on this data, Dongsheng would have been selected as a mandatory respondent as one of the largest exporters of subject merchandise. On November 23, 2022, Dongsheng filed comments on the CBP data, pointing out that the data was incomplete. On December 9, 2022, the Department placed corrected CBP data on the record which also implicated Dongsheng would be selected as a mandatory respondent.

7. Thirty days after initiation, December 5, 2022, is the deadline for parties to file a separate rate application ("SRA"), separate rate certification ("SRC"), or no sales certification in the review.

8. On December 2, 2022, the Department granted a short extension of the deadline for numerous parties to file SRA/SRC/No Sales to December 12, 2022. The Department, particularly at the time, had a common practice with SRA/SRC/No Sales deadlines to extend the deadline for all parties. Accordingly, Counsel to Dongsheng believed at the time that the deadline for all parties to file SRA/SRC/No Sales was extended to December 12, 2022, and calendared it accordingly.

9. On December 12, 2022, Dongsheng filed its SRC, just as many other parties did.

10. On January 17, 2023, the Department rejected Dongsheng's SRC as untimely. It was only at this time that Counsel to Dongsheng become aware of the deadline discrepancy and that the Department had departed from its common practice of extending multiparty deadlines, such as SRCs, for all parties rather than only for those that explicitly requested the extension.

11. On January 23, 2023, the Department declined to select Dongsheng as a mandatory respondent, even though it was the largest exporter of subject merchandise, because Dongsheng did not timely file its SRC. Instead, the Department selected Ningbo Xinguang Rack Co., Ltd. and Suntop (Xiamen) Display System Inc. as mandatory respondents. Notably, both of

3

these companies had filed their SRCs *on the same day as* Dongsheng, i.e., December 12.

12. On January 24, 2023, Dongsheng filed a letter requesting that the Department accept Dongsheng's SRC and/or select Dongsheng as a mandatory respondent. Dongsheng explained the circumstances that led to the filing seven days late, including numerous examples of the Department extending such a deadline for all parties. Dongsheng also submitted that the Department should accept the filing based on CIT precedent in determining whether it was improper to reject untimely filings, raising among the issues that the burden on the Department to consider the small form filing SRC made at the same time as other parties was nonexistent while in contrast the harm was enormous to Dongsheng if the filing was not accepted or Dongsheng was not selected as a mandatory respondent or subject to AFA.

13. On February 13, 2023, at Dongsheng's request, the Department held a meeting with Dongsheng to discuss rejection of the SRC and the Department's decision not to select Dongsheng as a mandatory respondent.

14. On February 15, 2024, Dongsheng timely filed a voluntarily Section A questionnaire, again requesting that the Department either select Dongsheng as a mandatory respondent or alternatively as a voluntary respondent. Notably, on February 3, 2023, one of the mandatory respondents, Suntop, had filed a letter requesting that the Department rescind the review for them as their products were actually outside of the scope.

15. Dongsheng's timely submitted Section A questionnaire response contained the full separate rate application information, such that the SRC information would not be needed. Indeed, even if an applicant files an SRC or SRA, the "mandatory respondents are required to file full Section A questionnaire responses, including all separate rate information, and cannot refer to or substitute information or supporting documentation submitted in a separate rate

4

application." *See* China SRA Instructions. The SRC also contains the same requirement that a mandatory respondent must respond to the Department's questionnaire to retain separateness. China SRC at 2. The Department would not have relied upon the information in Dongsheng's SRC, but instead would have relied upon and required a full response to the Section A questionnaire response for this specific information—which Dongsheng did timely provide.

16. Despite these requests, on March 2, 2023, the Department denied Dongsheng's request to reconsider the rejection of its SRC.

17. On September 15, 2023, Dongsheng filed comments for the Department' consideration in the preliminary results, requesting again that the Department reconsider its decision or at a minimum, assign Dongsheng a separate rate.

18. In the Preliminary Results, the Department considered Dongsheng part of the PRC-entity due to the late filed SRC and assigned Dongsheng a punitive high 144.50 percent rate on entries for this review. In the prior reviews, Dongsheng had rates between 9.99-13.88 percent.

19. Dongsheng timely submitted a case brief arguing again that the Department should accept the untimely SRC or accept the timely filed Section A for this purpose, and either select Dongsheng as a mandatory respondent or calculate a separate rate for Dongsheng. Dongsheng also raised these arguments at a hearing on February 22, 2024.

20. Nonetheless, the Department made no changes with respect to Dongsheng in the Final Results.

21. This appeal ensued.

### Count 1

22. Plaintiff hereby incorporates, by reference, paragraphs 1 through 21, above.

5

23. The Department abused its discretion and acted unfairly and contrary to law in rejecting Dongsheng's SRC. *See* 19 U.S.C. §1516a(b)(1)(B)(ii)(holding unlawful a decision that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.). The Department failed to consider the particular facts of the out of time filing, weighing interests of accuracy and fairness against the burden on the Department and interests in finality. *See Grobest & I-Mei Industrial (Vietnam) Co., Ltd. v. United States*, 815 F. Supp.2d 1342, 1365 (Ct. Int'l Trade 2012); see also *Diamond Tools Tech. LLC v. United States*, 545 F. Supp. 3d 1324, 1333-34 (Ct. Int'l Trade 2021) (discussing when the Department is not barred from accepting late filings under the statute or regulation); *Shelter Forest Int'l Acquisition, Inc. v. United States*, 497 F. Supp. 3d 1388, 1399 (February 18, 2021) (finding Commerce abused its discretion in not considering a factual submission filed after the fact deadline and ordering the Department to consider it on remand.). The Department also failed to consider other times it had accepted late filings and its own failure to timely meet deadlines. *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (a decision may be arbitrary when it "entirely failed to consider an important aspect of the problem."); *Anderson v. U.S. Sec'y of Agriculture*, 462 F. Supp. 2d 1333, 1339 (2006) ("Agencies have a responsibility to administer their statutorily accorded powers fairly and rationally, which includes not 'treat[ing] similar situations in dissimilar ways.'").

## Count 2

24. Plaintiff hereby incorporates, by reference, paragraphs 1 through 23, above.

25. The Department acted contrary to law when it failed to select Dongsheng as a mandatory respondent. *See* 19 U.S.C. §1516a(b)(1)(B)(ii). The Department is directed to rely upon the largest exporters of subject merchandise as mandatory respondents, which would

include Dongsheng. 19 U.S.C. 1677f-1 (C)(2)(B). Dongsheng should have been selected prior to the SRC deadline based on the CBP data, and would not have been required to file the SRC. Instead, the Department would have relied upon Dongsheng's section A for this analysis. Dongsheng timely filed its Section A response, yet the Department continued not to select Dongsheng or rely on this information. *Anderson v. U.S. Sec'y of Agriculture*, 462 F. Supp. 2d 1333, 1339 (2006) ("Agencies have a responsibility to administer their statutorily accorded powers fairly and rationally, which includes not 'treat[ing] similar situations in dissimilar ways.'").

### Count 3

26. Plaintiff hereby incorporates, by reference, paragraphs 1 through 25, above.

27. The Department acted contrary to law when it assigned an AFA rate to Dongsheng instead of Dongsheng's own calculated rate or the separate rate. *See* 19 U.S.C. §1516a(b)(1)(B)(ii). The Department's refusal to select Dongsheng equates to a finding of total AFA for failure to cooperate at the very outset of the proceeding contrary to Dongsheng's cooperation and the Department's policy goals. *Essar Steel Ltd. v. United States*, 678 F.3d 1268, 1276 (Fed. Cir. 2012) ("The purpose of the adverse facts statute is to provide respondents with an incentive to cooperate with Commerce's investigation, not to impose punitive damages."); *Bio-Lab, Inc. v. United States*, 435 F. Supp. 3d 1361, 1374 (April 2020) (Commerce must balance the policies of accuracy and deterrence, or risk potentially undercutting "the cooperation-promoting goal of the AFA statute.") (*quoting Changzhou Wujin*, 701 F.3d at 1378; *citing Mueller*, 753 F.3d at 1234).

28. Commerce may only resort to facts available or adverse facts available if necessary information is missing from the record or a party withheld information, failed to

timely provide information, or significantly impeded the proceeding.  19 U.S.C. § 1677e(a). Dongsheng did not impede the proceeding or withhold information because it filed its SRC on the same deadline as other parties.  Dongsheng also did not fail to timely provide necessary information because it timely filed its Section A questionnaire response.  The record lacks no missing information to determine Dongsheng's separate rate status. Even without Dongsheng's SRC, the record timely contained Dongsheng's more detailed SRA within the Section A response.  The Department has all information to determine that Dongsheng is *de facto* and *de jure* separate from the government, consistent with the Department's finding with respect to Dongsheng since the investigation.  Accordingly, the Department has no basis to apply the AFA rate on the existing record, which is the equivalent of finding Dongsheng is part of the PRC-entity.

29.     The Department also failed to consider this or Dongsheng's long history of cooperation in determining to apply AFA to Dongsheng.  *Nippon Steel Corp. & United States*, 337 F.3d 1373, 1382 (Fed. Cir. 2003) ("{b}efore making an adverse inference, Commerce must examine respondent's actions and assess the extent of respondent's abilities, efforts, and cooperation in responding to Commerce's requests for information….While the standard does not require perfection and recognizes that mistakes sometimes occur, it does not condone inattentiveness, carelessness, or inadequate record keeping.").  The punitively high rate also bears no rational relationship to Dongsheng's anticipated margins based on its rates in the preceding segments.  *Yangzhou Bestpak Gifts & Crafts Co. v. United States*, 716 F.3d 1370, 1380 (Fed. Cir. 2013) (the rate assigned "was required to reflect commercial reality and thus, to be 'a reasonably accurate estimate' of actual dumping rates… Commerce may not select unreasonably high rates having no relationship to the respondent's actual dumping margin.")

(*quoting Gallant Ocean (Thailand) Co. v. United States*, 602 F.3d 1319, 1324 (Fed. Cir. 2010)).

### **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in its favor and against the defendant:

(1) Declaring the Department's rejection of Donsheng's SRC and Section A questionnaire response was contrary to law and an abuse of discretion; and

(2) Declaring that the Department's decision not to select Dongsheng as mandatory respondent as contrary to law; and

(3) Declaring that the Department's application of AFA and decision not to assign Dongsheng its own rate or a separate rate as contrary to law and otherwise unsupported by substantial evidence; and

(4) Granting Plaintiffs such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/ Gregory S. Menegaz
Gregory S. Menegaz
Alexandra H. Salzman
Vivien Jinghui Wang
**DEKIEFFER & HORGAN, PLLC**
1156 Fifteenth Street, N.W.  20005
Suite 1101
Tel: (202) 783-6900
Fax: (202) 783-6909
email: gmenegaz@dhlaw.com

Dated: June 6, 2024

9