# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

|  |  |
|---|---|
| NANJING DONGSHENG SHELF MANUFACTURING CO., LTD. *Plaintiff*, v. UNITED STATES, *Defendant*, and COALITION FOR FAIR RACK IMPORTS *Defendant-Intervenor*. | Court No. 24-00085 |

### DEFENDANT'S CONSENT MOTION FOR AN EXTENSION OF TIME FOR THE DEPARTMENT OF COMMERCE TO FILE REMAND RESULTS

Pursuant to Rules 6(b) and 7(b) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court extend by 68 days the deadline for the Department of Commerce to file its remand results from Tuesday, December 16, 2025, to through and including Monday, February 23, 2026.[1]  This is our first request for an extension of time for this purpose.  All parties have consented to this motion.

---

[1] The 68th day falls on Sunday, February 22, 2026. Pursuant to Rule 6(a)(2)(C) of the United States Court of International Trade, the deadline would then be Monday, February 23.

Good cause exists for this request for an extension of time. When a motion is made prior to a filing deadline, the Court may, for good cause, extend the time within which a party must act. USCIT Rule 6(b)(1)(A); *see also* USCIT Rule 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Good cause requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's diligent efforts to comply with the schedule. *See High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013) (discussing "good cause" in the context of Federal Rule of Civil Procedure 16(b)); *United States v. Horizon Prods. Int'l, Inc.*, 34 F. Supp. 3d 1365, 1367 (Ct. Int'l Trade 2014).

Good cause exists to grant this motion. On June 16, 2025, the Court remanded the final results of the 2021-2022 administrative review of the antidumping duty order on certain steel racks and parts thereof from People's Republic of China for Commerce to further explain or reconsider the selection of mandatory respondents. At the end of the day on September 30, 2025, the appropriations act that had been funding the Department of Commerce expired. Absent an appropriation, Department of Commerce employees were prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

Due to this lapse in appropriations the team assigned to this remand were unable to work for 43 days in which they would have conducted the necessary analysis to complete the remand determination. In addition, during the lapse in appropriations multiple responses from parties to this proceeding were filed with ACCESS.

As a result of the lapse in appropriations, on November 14, 2025, Commerce tolled certain deadlines by 47 days. On November 24, 2025, recognizing the continued backlog of numerous filed documents in the ACCESS system and two ACCESS outages, Commerce tolled certain deadlines by an additional 21 days for a total of 68 days tolled.

Additionally, the team assigned to this remand continues to maintain, and expects to maintain over the next several weeks, a heavy workload that compounds the need for additional time. Accordingly, we are requesting a 68-day extension to allow Commerce to continue conducting necessary analysis and issue additional questionnaires to complete the remand determination.

For these reasons, we respectfully request that the Court grant our consent motion for a 68-day extension of time for Commerce to file the remand, with a new deadline of Monday, February 23, 2026, and further request that all other dates be similarly extended in accordance with the Court's remand order.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director

Of Counsel:
SAMUEL E. CHILDERSON
Attorney
U.S. Department of Commerce
Office of the Chief Counsel for Trade
   Enforcement and Compliance
1401 Constitution Avenue, NW
Washington, D.C. 20230
Tel: (240) 956-8479
Email: Samuel.Childerson@trade.gov

/s/ Laurel D. Havens III
LAUREL D. HAVENS III
Trial Attorney
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480
Ben Franklin Station
Washington D.C. 20044
Tel : (202) 307-0309
Email: laurel.havens@usdoj.gov

December 11, 2025

*Attorneys for Defendant*