UNITED STATES COURT OF INTERNATIONAL TRADE
**Before the Honorable Jennifer Choe-Groves, Judge**

|  |  |
|---|---|
| NANJING DONGSHENG SHELF MANUFACTURING CO., LTD., <br><br> *Plaintiff*, <br><br> *v.* <br><br> UNITED STATES, <br><br> *Defendant*, <br><br> *and* <br><br> COALITION FOR FAIR RACK IMPORTS, <br><br> *Defendant-Intervenor.* | **PUBLIC VERSION** <br><br> Court No. 24-00085 <br><br> Business Proprietary Information Identified by Single Brackets [ ] |

**DEFENDANT-INTERVENOR'S REPLY TO**
**COMMENTS ON THE REMAND REDETERMINATION**

Roger B. Schagrin
Luke A. Meisner
Saad Y. Chalchal*
SCHAGRIN ASSOCIATES
900 Seventh St. N.W. Suite 500
Washington, D.C. 20001
(202) 223-1700

*Counsel for the Coalition on Fair
Rack Imports*

Date: April 20, 2026

*Admitted only in New York and
New Jersey. Practice limited to
matters before federal courts and
agencies.

**PUBLIC VERSION**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................................. i

ARGUMENT ................................................................................................................................... 2

    I.     Introduction ................................................................................................................ 2

    II.    Legal Framework for By-Product Offsets ................................................................. 3

    III.   Commerce Lawfully Denied Dongsheng's Claim for a Steel Scrap By-Product
          Offset ......................................................................................................................... 4

CONCLUSION ................................................................................................................................ 9

## TABLE OF AUTHORITIES

**Cases**

*ABB Inc. v. United States*,
  437 F. Supp. 3d 1289 (Ct. Int'l Trade 2020) ...........................................................................8–9

*Am. Tubular Prods., LLC v. United States*,
  847 F.3d 1354 (Fed. Cir. 2017)................................................................................................4, 7–8

*Jiaxing Bro. Fastener Co. v. United States*,
  822 F.3d 1289 (Fed. Cir. 2016)................................................................................................8–9

*Nanjing Dongsheng Shelf Manufacturing Co., Ltd. v. United States*,
  781 F. Supp. 3d 1374 (Ct. Int'l Trade 2025) ...........................................................................1, 3

**Regulations**

19 C.F.R. § 351.401(b) ................................................................................................................4

**Federal Register Notices**

*Certain Steel Racks and Parts Thereof from the People's Republic of China*,
  89 Fed. Reg. 25,235 (Dep't Commerce Apr. 10, 2024)................................................................8

*Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, from the People's Republic of China*,
  88 Fed. Reg. 1,359 (Dep't Commerce Jan. 10, 2023) ...........................................................3–4

PUBLIC VERSION

UNITED STATES COURT OF INTERNATIONAL TRADE
Before the Honorable Jennifer Choe-Groves, Judge

| | |
|---|---|
| NANJING DONGSHENG SHELF MANUFACTURING CO., LTD., <br><br> *Plaintiff*, <br><br> *v.* <br><br> UNITED STATES, <br><br> *Defendant*, <br><br> *and* <br><br> COALITION FOR FAIR RACK IMPORTS, <br><br> *Defendant-Intervenor.* | **PUBLIC VERSION** <br><br> Court No. 24-00085 <br><br> Business Proprietary Information Identified by Single Brackets [ ] |

**DEFENDANT-INTERVENOR'S REPLY TO
COMMENTS ON THE REMAND REDETERMINATION**

Defendant-Intervenor, the Coalition for Fair Rack Imports ("Defendant-Intervenor" or "CFRI"), respectfully submits this reply to the comments filed by plaintiff Nanjing Dongsheng Shelf Manufacturing Co., Ltd. ("Dongsheng") regarding the final results of redetermination issued by the U.S. Department of Commerce ("Commerce") pursuant to the Court's remand in *Nanjing Dongsheng Shelf Manufacturing Co., Ltd. v. United States*, 781 F. Supp. 3d 1374 (Ct. Int'l Trade 2025) ("*Remand Order*").[1] *See* Final Results of Redetermination Pursuant to Court Remand, ECF No. 44-1 (Feb. 23, 2026) ("*Remand Results*"). Dongsheng raises a single issue in its remand comments: Commerce's denial of Dongsheng's unsupported claim for a by-product offset. For the reasons explained below, Dongsheng's arguments are meritless, and the Court

---

[1] Dongsheng's remand comments are hereinafter referred to as "Dongsheng's Comments" (ECF No. 46).

should sustain the *Remand Results* as supported by substantial evidence and in accordance with law.

**ARGUMENT**

I.   **Introduction**

At issue is Dongsheng's final dumping margin for the 2021–2022 administrative review of the antidumping duty order on certain steel racks and parts thereof from the People's Republic of China. In its *Remand Order*, the Court instructed Commerce to reconsider its decision not to select Dongsheng for individual examination as a mandatory respondent due to the company's failure to submit a timely separate rate certification. *See* 781 F. Supp. 3d at 1380. To comply with the *Remand Order*, Commerce reopened the record to obtain the information it needed to determine a weighted-average dumping margin for Dongsheng. Specifically, Commerce issued its standard antidumping questionnaire requesting information on Dongsheng's sales and production of subject merchandise during the period of review ("POR"). *See* Request for Information (Sept. 16, 2025) (Remand P.R. 1).[2] Based on the information obtained on remand, Commerce calculated a 25.00 percent weighted-average dumping margin for Dongsheng. *See Remand Results* at 27.

Dongsheng argues that Commerce erred in the margin analysis by denying Dongsheng's claim for a by-product offset to its normal value. *See* Dongsheng's Comments at 1–3. However, as demonstrated below, Commerce correctly concluded that Dongsheng failed to submit

---

[2] Citations to the public record documents are designated as "P.R." (public review record) or "Remand P.R." (public remand record). Citations to confidential record documents containing business proprietary information are limited to the remand record and are designate das "Remand C.R." (confidential remand record).

**PUBLIC VERSION**

sufficient evidence to demonstrate entitlement to a steel scrap by-product offset. *See Remand Results* at 24–27.

## II.    Legal Framework for By-Product Offsets

Neither the statute nor Commerce's regulations address the treatment of by-products. In practice, Commerce has established that a respondent may be entitled to an offset to their manufacturing costs for revenue from sales of by-products if certain requirements are met. Specifically, "to be eligible for a by-product offset, a respondent must provide evidence to substantiate: (1) the quantity of the by-product it generated from the production of subject merchandise during the POR; and (2) that the by-product has commercial value." *See Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, from the People's Republic of China*, 88 Fed. Reg. 1,359 (Dep't Commerce Jan. 10, 2023) and accompanying Issues and Decision Memorandum at Comment 6. Commerce grants a by-product offset for merchandise that is either sold or reintroduced into production during the POR up to the amount of that by-product that was actually generated from the production of subject merchandise during the POR. *Id.*

Importantly, it is the respondent's burden to provide Commerce with sufficient information to demonstrate entitlement to a by-product offset. *See* 19 C.F.R. § 351.401(b). A respondent does not meet this burden if it does not maintain production records related to the by-product and claims entitlement to a by-product offset based solely on sales records. Indeed, the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") has upheld Commerce's decision to deny a claim for a steel scrap by-product offset because the record lacked evidence linking the respondent's by-product sales to steel scrap that was generated from the production of subject merchandise. *See Am. Tubular Prods., LLC v. United States*, 847 F.3d 1354, 1360–62 (Fed. Cir. 2017).

PUBLIC VERSION

III.     **Commerce Lawfully Denied Dongsheng's Claim for a Steel Scrap By-Product Offset**

Commerce's questionnaire instructed Dongsheng that any claim for a by-product offset would be granted for by-products "either sold or reintroduced into production" and "up to the amount of that by-product/co-product actually produced during the {POR}." Section D Questionnaire at D-9–D-10 (Sept. 16, 2025) (Remand P.R. 1). Dongsheng was required to submit evidence to support any such claim, including production records, sales records, and a detailed explanation of how it derived the claimed offset amount. *Id.* In its questionnaire response, Dongsheng stated that it "generated waste steel in its production" and "only weighed the waste at the time of sale." Section D Questionnaire Response at 13 (Oct. 31, 2025) (Remand P.R. 11, Remand C.R. 8) ("Section D Response"). Dongsheng provided only [

]. *Id.* at Exhibit D-5 (Remand P.R. 11, Remand C.R. 13). Dongsheng did not submit *any* production or sales records to support its steel scrap by-product offset claim.

Commerce issued a supplemental questionnaire and reiterated its request for documentation that would support granting a scrap by-product offset. *See* Section D Supplemental Questionnaire at 1–2 (Question 4) (Dec. 23, 2025) (Remand P.R. 24, Remand C.R. 27). Dongsheng's response clarified that it "periodically sold the scrap generated in the production" and "only weighed and recorded the weight of the steel scrap at the time of sale," but it "did not weigh and record the weight of the steel scrap at the time it was generated." Section D Suppl. Questionnaire Response at 3 (Jan. 6, 2026) (Remand P.R. 29, Remand C.R. 28). Dongsheng stated that it was unable to provide Commerce with the requested documentation because "Dongsheng has no production, inventory, or accounting records to book the daily/monthly generated quantity of steel scrap." *Id.* at 3–4. In other words, Dongsheng did not

4

track the quantity of scrap generated in the ordinary course of business. Thus, Dongsheng submitted "the quantity of steel scrap sold in the sales revenue ledger in the accounting in its normal business" and "claimed the offset amount of steel scrap based on the total quantity of steel scrap sold during the POR." *Id.* at 4 and Exhibit SQ2-2 (Remand P.R. 29, Remand C.R. 28).

In the *Remand Results*, Commerce acted in accordance with its court-approved policy and denied Dongsheng's claim for a steel scrap by-product offset based solely on the sales documentation on the record. As stated above, Dongsheng's claim for a by-product offset is based on [

]. Dongsheng failed to submit any production records demonstrating that the quantity of scrap generated in the production of subject merchandise is equal to or greater than the quantity of scrap sold. The only documentation that Dongsheng provided to support its claim for a by-product offset is an accounting voucher and invoice for the [            ] of steel scrap it sold in April 2022. *Id.* at 4 and Exhibit SQ2-3 (Remand P.R. 29, Remand C.R. 28). Commerce concluded that "there is insufficient record evidence to grant Dongsheng a scrap offset." *Remand Results* at 26.

Commerce identified two critical issues with Dongsheng's by-product offset claim. First, Commerce found that Dongsheng failed to "provide{} any evidence of the quantity of steel scrap that it generated from producing the merchandise under consideration during the POR." *Id.* Dongsheng equated the quantity of scrap *sold* during the POR with the quantity of scrap *produced* during the POR. The record evidence did not support Dongsheng's claim that all [            ] of steel scrap were generated during the POR. Nor is there any evidence on the record regarding the quantity of subject merchandise Dongsheng had to produce to generate

[              ] of steel scrap. Commerce "has routinely denied by-product offsets where a respondent does not maintain any production data regarding the quantity of the by-product generated." *Id.* As explained by the Federal Circuit, the quantity of scrap sold may include scrap that was generated outside the POR. *See Am. Tubular Prods., LLC*, 847 F.3d at 1361.

Second, Commerce found that Dongsheng failed to provide evidence "demonstrat{ing} that the quantity of steel scrap that it sold during the POR is less than the quantity of steel scrap that it generated from producing the merchandise under consideration during the POR." *Remand Results* at 26. Dongsheng did not exclusively produce subject merchandise during the POR. In fact, Dongsheng stated in its questionnaire response that it produced non-subject merchandise "such as [                                ]." Section D Response at 5 (Remand P.R. 11, Remand C.R. 13). There is nothing on the record that demonstrates all [              ] of steel scrap were generated from the production of *subject merchandise*. A respondent fails to satisfy its burden of proof for a by-product offset when there is insufficient evidence on the record linking the amount of the offset to the amount of scrap generated from the production of subject merchandise. *See Am. Tubular Prods., LLC*, 847 F.3d at 1361. Because "Dongsheng also produced merchandise that is not under consideration in this proceeding during the POR," Commerce could not rule out the "possib{ility} that the quantity of steel scrap that Dongsheng sold during the POR exceeds the quantity of steel scrap generated from producing the merchandise under consideration during the POR." *Remand Results* at 26.

Dongsheng is unable to demonstrate that Commerce's decision is unsupported by substantial evidence or otherwise not in accordance with law. The perfunctory and skeletal arguments that Dongsheng raises in its remand comments are devoid of merit.

**PUBLIC VERSION**

Dongsheng maintains that the record contains sufficient evidence to grant a by-product offset. *See* Dongsheng's Comments at 1–2. Specifically, Dongsheng asserts that there is no concern regarding the potential inclusion of steel scrap generated from the production of non-subject merchandise because of the allocation method that was used to calculate the claimed by-product offset amount. *See* Dongsheng's Comments at 1 (citing Section D Response at 4 and Exhibit SQ2-1 (Remand P.R. 29, Remand C.R. 28)). But the allocation method relies on the *total* quantity of steel scrap sold, which necessarily includes steel scrap generated from subject and non-subject merchandise. Dongsheng also posits that for scrap sales "for an extended period, such as the POR, the quantity of scrap sold is essentially the same as the quantity of scrap generated." *Id.* at 2. Commerce disagreed because the [                                    ] "do{} not show that Dongsheng sold steel scrap at the start and end of the POR and/or at regular intervals during the POR such that it would be reasonable to conclude that the quantity of steel scrap sold during the POR approximates the quantity of steel scrap generated during the POR." *Remand Results* at 27. The crux of the problem is that Dongsheng did not track the quantity of scrap generated in the ordinary course of business and failed to submit any production records. The Federal Circuit has explained that it is appropriate to deny a by-product offset in this precise situation because Commerce has no obligation "to accommodate {the respondent's} failure to document scrap production." *Am. Tubular Prods., LLC*, 847 F.3d at 1361.

The Court should also reject Dongsheng's argument that the denial of the by-product offset claim is inconsistent with three prior segments in this proceeding. *See* Dongsheng's Comments at 2–3. This argument ignores the fundamental principle that "{e}ach administrative review is a separate exercise of Commerce's authority and allows for different conclusions based on different facts in the record." *ABB Inc. v. United States*, 437 F. Supp. 3d 1289, 1301 (Ct. Int'l

**PUBLIC VERSION**

Trade 2020) (citing *Jiaxing Bro. Fastener Co. v. United States*, 822 F.3d 1289, 1299 (Fed. Cir. 2016)). This remand proceeding is the first time that a party identified the inherent flaws in Dongsheng's by-product offset claim. That these flaws may have been overlooked in the past is not a justification to ignore the flaws in all future segments and grant a by-product offset based on insufficient evidence. Commerce did not act in an arbitrary manner as Dongsheng contends. To the contrary, the flaws with Dongsheng's by-product offset claim are like those that resulted in the denial for mandatory respondent Xinguang Rack in the final results of the underlying administrative review. *See Certain Steel Racks and Parts Thereof from the People's Republic of China*, 89 Fed. Reg. 25,235 (Dep't Commerce Apr. 10, 2024) and accompanying Issues and Decision Memorandum (P.R. 262) at Comment 5. Commerce's decision to deny Dongsheng's by-product offset claim is therefore consistent with its decision with respect to Xinguang Rack.

### CONCLUSION

For the foregoing reasons, CFRI respectfully requests that the Court reject Dongsheng's claim regarding the denial of its claim for a steel scrap by-product offset and enter judgment sustaining the *Remand Redetermination*.

Respectfully submitted,

/s/ Luke A. Meisner
Roger B. Schagrin
Luke A. Meisner
Saad Y. Chalchal*
SCHAGRIN ASSOCIATES
900 Seventh St. N.W. Suite 500
Washington, D.C. 20001
(202) 223-1700

*Counsel for the Coalition on Fair Rack Imports*

Date: April 20, 2026

*Admitted only in New York and New Jersey. Practice limited to matters before federal courts and agencies.

9

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief contains 2,169 words (including text, quotations, footnotes, headings, and attachments) and therefore complies with the word limitation set forth in this Court's Chamber's Procedures. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the brief.


Dated: April 20, 2026                                      /s/ Luke A. Meisner
                                                           Luke A. Meisner

<u>**CERTIFICATE OF SERVICE**</u>

In accordance with Administrative Order 25-01 and the Rules of this Court, I hereby

certify that the confidential version of the foregoing brief was served on the following parties via

secure file transfer protocol on April 20, 2026.

<u>**Counsel for Plaintiff Nanjing Dongsheng Shelf Manufacturing Co., Ltd.**</u>
Gregory Stephen Menegaz, Esq.
Alexandra H. Salzman, Esq.
Vivien Jinghui Wang, Esq.
**The Inter-Global Trade Law Group PLLC**
1156 15th Street, NW
Suite 1101
Washington, DC 20005
gmenegaz@igtlaw.com
asalzman@igtlaw.com
vwang@igtlaw.com

<u>**Counsel for Defendant United States**</u>
Tara Kathleen Hogan, Esq.
**U.S. Department of Justice**
Commercial Litigation Branch - Civil Division
P.O. Box 480
Ben Franklin Station
Washington, DC 20044
tara.hogan@usdoj.gov

<u>**Of Counsel for Defendant United States**</u>
Jesus Nieves Saenz, Esq.
Samuel Edward Childerson, Esq.
**U.S. Department of Commerce**
Office of the Chief Counsel for Trade Enforcement and Compliance
1401 Constitution Avenue, NW
Room 3613
Washington, DC 20230
jesus.saenz@trade.gov
samuel.childerson@trade.gov

/s/ Luke A. Meisner
Luke A. Meisner

<strong>UNITED STATES COURT OF INTERNATIONAL TRADE</strong><br>
<strong>Before the Honorable Jennifer Choe-Groves, Judge</strong>

| | |
|---|---|
| NANJING DONGSHENG SHELF MANUFACTURING CO., LTD., <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES, <br><br> *Defendant*, <br><br> *and* <br><br> COALITION FOR FAIR RACK IMPORTS, <br><br> *Defendant-Intervenor.* | Court No. 24-00085 |

<strong><u>ORDER</u></strong>

Upon consideration of the U.S. Department of Commerce's Final Results of Redetermination Pursuant to Court Remand, ECF No. 44-1, the comments filed in opposition to and in support of the remand redetermination, all other papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that the remand redetermination is sustained; and it is further

**ORDERED** that judgment is entered in favor of the United States; and it is further

**ORDERED** that the subject entries shall be liquidated in accordance with the final court decision, including all appeals, as provided for in section 516A(e) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(e).

**SO ORDERED**.

Dated: _____, 2026    _____
New York, New York    Honorable Jennifer Choe-Groves, Judge
U.S. Court of International Trade